**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHEAL MOORE<br><br>    PLAINTIFF,<br><br>    V.<br><br>CITY OF BERWYN, SALVADOR GAMINO,<br>Star # 307, RICHARD NOVOTNY, Star # 279,<br>MATTHEW BURKE, Star # 284, MATTHEW<br>BOSKOVICH, Star # 250, JAMES TRICKA,<br>Star # 295, SALVATORE VIRZI, Star # 245,<br>JOSEPH MANFREDINI, Star # 216<br><br>    DEFENDANTS. | Case No:<br><br>Judge: |

## **COMPLAINT**

NOW COMES, PLAINTIFF, MICHEAL MOORE, by and through his attorneys, Golden

Law, and pursuant to this Complaint, states as follows against the DEFENDANTS, CITY OF

BERWYN, a Municipal Corporation, SALVADOR GAMINO, Star # 307, RICHARD

NOVOTNY, Star # 279, MATTHEW BURKE, Star # 284, MATTHEW BOSKOVICH, Star #

250, JAMES TRICKA, Star # 295, SALVATORE VIRZI, Star # 245, JOSEPH MANFREDINI,

Star # 216:

## **JURISDICTION**

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United

States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     PLAINTIFF MICHEAL MOORE is an African-American male who is a resident of Berwyn, Cook County, Illinois, and of the United States.

3.     DEFENDANT TACTICAL OFFICERS NOVOTNY, BURKE, and BOSKOVICH, (collectively, "DEFENDANT TACTICAL OFFICERS"), were at all times relevant to this Complaint duly-appointed and sworn law enforcement officers for the DEFENDANT CITY OF BERWYN ("CITY OF BERWYN"). They engaged in the conduct complained of while on duty, in the course and scope of their employment, and under color of law.  They are sued in their individual capacities.

4.     DEFENDANT SERGEANT GAMINO ("DEFENDANT SERGEANT"), was at all times relevant to this Complaint, a duly-appointed and sworn law enforcement officer for the DEFENDANT CITY OF BERWYN ("CITY OF BERWYN"). He engaged in the conduct complained of while on duty, in the course and scope of his employment, and under color of law. He is sued in his individual capacities.

5.     DEFENDANT OFFICERS TRICKA, VIRZI, and MANFREDINI (collectively, "DEFENDANT OFFICERS"), were at all times relevant to this Complaint, duly-appointed and sworn law enforcement officers for the DEFENDANT CITY OF BERWYN ("CITY OF BERWYN"). They engaged in the conduct complained of while on duty, in the course and scope of their employment, and under color of law.  They are sued in their individual capacities.

6.     DEFENDANT CITY OF BERWYN is a municipal corporation in Cook County, Illinois. Pursuant to 745 ILCS 10/2-302, DEFENDANT CITY OF BERWYN is a duly constituted local public entity and is liable for any judgments entered against DEFENDANT

TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS arising in the course of their employment.

## FACTS

7.    On August 17, 2016, PLAINTIFF MICHEAL MOORE was in front of his residence at 2518 South Kenilworth Avenue, Berwyn, Illinois ("residence"), and DEFENDANT TACTICAL OFFICERS approached PLAINTIFF at residence.

8.    DEFENDANT TACTICAL OFFICERS approached and surrounded PLAINTIFF without reasonable and articulable suspicion, or any other lawful basis.

9.    PLAINTIFF'S fiancé, Catherine Hunter, called the Berwyn police to report the incident and learned that no officers had been dispatched to their residence.

10.    Accordingly, DEFENDANT TACTICAL OFFICERS' seizure of PLAINTIFF served no law enforcement purpose, but was simply meant to harass and threaten PLAINTIFF. DEFENDANT TACTICAL OFFICERS' told PLAINTIFF that, "you need to move the fuck from around here" and that, "next time we see you we won't be so fucking nice."

11.    PLAINTIFF asked DEFENDANT TACTICAL OFFICERS for their badge numbers but they refused to provide.

12.    DEFENDANT TACTICAL OFFICERS then refused to leave, instead circling the Plaintiff's block slowly in yet another unwarranted attempt to harass and threaten PLAINTIFF.

13.    Once more, PLAINTIFF'S fiancé called the Berwyn Police Department, this time requesting a sergeant to come to residence.

14.    DEFENDANT OFFICERS responded to PLAINTIFF'S request and were informed of the threats and intimidation carried out by DEFENDANT TACTICAL OFFICERS.

15.     DEFENDANT SERGEANT arrived to residence approximately five minutes later.

16.     After learning of DEFENDANT TACTICAL OFFICERS' misconduct, DEFENDANT SERGEANT and DEFENDANT OFFICERS arrested PLAINTIFF without probable cause, or any other lawful basis.

17.     In order to cover up for the misconduct of DEFENDANT TACTICAL OFFICERS and retaliate for the misconduct complaint PLAINTIFF initiated against DEFENDANT TACTICAL OFFICERS, DEFENDANTS SERGEANT and OFFICERS caused criminal charges to be commenced and continued against PLAINTIFF without probable cause for disorderly conduct.

18.     In order to initiate and cause the criminal charges against PLAINTIFF to continue, DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS authored and/or approved false police reports, false complaints, and a false narrative of events.

19.     The criminal case against PLAINTIFF was dismissed in a manner indicative of his innocence.

20.     As a direct and proximate result of the acts or omissions of DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS, alleged above, PLAINTIFF suffered damages including, but not limited to, mental anguish, emotional distress, embarrassment and humiliation, exposed him to public scandal and disgrace, interference with a normal life, and caused him to incur various expenses, including but not limited to attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Illegal Seizure
## Against DEFENDANT TACTICAL OFFICERS

21.    PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

22.    The seizure of PLAINTIFF'S person performed willfully and wantonly by DEFENDANT TACTICAL OFFICERS, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

23.    As a proximate result of the above-detailed actions of DEFENDANT TACTICAL OFFICERS, PLAINTIFF was injured, including mental anguish, emotional distress, embarrassment and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT TACTICAL OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – False Arrest
## Against DEFENDANT SERGEANT and DEFENDANT OFFICERS

24.    PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

25.    The actions of DEFENDANT SERGEANT and DEFENDANT OFFICERS, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

26.    As a proximate result of the above-detailed actions of DEFENDANT SERGEANT and DEFENDANT OFFICERS, PLAINTIFF was injured, including the

deprivation of his liberty and the taking of his person. In addition, the violations proximately caused PLAINTIFF'S mental anguish, emotional distress, embarrassment and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT SERGEANT and DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: First Amendment Retaliation
### Against DEFENDANT SERGEANT and DEFENDANT OFFICERS

27. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

28. PLAINTIFF engaged in an activity protected by the First Amendment when he caused to be initiated a complaint against DEFENDANT TACTICAL OFFICERS for their unlawful seizure of him.

29. The arrest of PLAINTIFF by DEFENDANT SERGEANT and DEFENDANT OFFICERS for complaining of the above misconduct is a deprivation that would likely deter First Amendment Activity.

30. PLAINTIFF'S complaint against DEFENDANT TACTICAL OFFICERS was a motivating factor for the deprivation suffered by PLAINTIFF, the arrest.

31. As a proximate result of the above-detailed actions of DEFENDANT SERGEANT and DEFENDANT OFFICERS, PLAINTIFF was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused PLAINTIFF'S mental anguish, emotional distress, embarrassment and humiliation,

exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees.

WHEREFORE, pursuant to 42 U.S.C. § 1983, PLAINTIFF demands judgment against DEFENDANT SERGEANT and DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT IV: Malicious Prosecution – State Law Claim**
**Against DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT,**
**and DEFENDANT OFFICERS**

32.     PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

33.     By the actions detailed above, the individual DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS knowingly sought to and did in fact maliciously prosecute PLAINTIFF on false charges for which they knew there was no probable cause.

34.     The City of Berwyn is sued in this Count pursuant to the doctrine of respondeat superior, in that DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS performed the actions complained of while on duty and/or in the employ of DEFENDANT CITY OF BERWYN, and while acting within the scope of this employment.

35.     As a direct and proximate result of the malicious prosecution, PLAINTIFF was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, anguish, and attorneys' fees.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: Indemnification
### Against the CITY OF BERWYN

36.     PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth here.

37.     DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS committed the acts alleged above under color of law, while on duty, and in the scope of their employment by DEFENDANT CITY OF BERWYN.

WHEREFORE, should DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS be found liable for any of the claims alleged in this Complaint, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF BERWYN pay to PLAINTIFF any judgment obtained against DEFENDANT TACTICAL OFFICERS, DEFENDANT SERGEANT, and DEFENDANT OFFICERS as a result of this action.

### JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully submitted,

*/s/ Shanita Q. T. Straw*
One of the Attorneys
for Plaintiff Micheal Moore

Shanita Q. T. Straw
Golden Law (6298398)
6602 Roosevelt Road
Oak Park, Illinois 60304
Tel: (708) 613-4433
sstraw@goldenlawpc.com

## CERTIFICATE OF ELECTRONIC SERVICE

I, Shanita Q. T. Straw, hereby certify that on September 8, 2017, I electronically filed the foregoing Complaint with the Clerk of the Court for the Northern District of Illinois using the ECF System.

/s/ Shanita Q.T. Straw
Shanita Q.T. Straw