## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.1
### Eastern Division

Michael Moore
                      Plaintiff,

v.                                               Case No.: 1:17−cv−06485
                                                        Honorable Edmond E. Chang

City of Berwyn, et al.
                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 27, 2018:

MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. The Court engaged in a discussion with counsel about the state proceeding and the claims in this case. In the state case, the motion to vacate the default will be fully briefed by 04/10/2018, and the hearing is on 04/17/2018. The parties shall file a status report within 3 business days of the issuance of the state court decision. As discussed during today's hearing, the motion to dismiss [21] is terminated without prejudice, because it hinges on a finding of guilty that is vacated for now. Defendants' motion to stay during the pendency of the state proceedings [25] is denied as to Count 1 (the alleged unreasonable seizure by the TAC Defendants), because (as detailed during the hearing) the guilty finding on the ticket is neither going to Heck−bar nor issue−preclude Count 1. So discovery shall move forward on Count 1. Also, Rule 26(a)(1) disclosures shall be made as to all the counts in order to avoid further delay in obtaining that basic information and because there is no possibility of additional discovery (or even a retrial) in the ticket case. Rule 26(a)(1) disclosures on all Counts are due 03/19/2018. On Count 1 only, the first round of written discovery requests must be issued no later than 03/26/2018. The Court discussed (a) the summary−judgment resistant nature of Count 1; (2) the potential Heck and issue preclusion bar on the other counts (not Count 1) if the guilty finding is reinstated; (3) the additional litigation in state court; and (4) the relatively modest damages (Plaintiff was released the same day, paid a few thousand dollars (estimated) for the ticket defense (and now appeal). It makes sense for both sides to engage in very prompt settlement negotiations in light of the risk (to both sides, as described above); delay (this case would take a few months of discovery, pretrial preparation, and trial, and possibly an appeal, so at least a couple of years until finality); and potential fee−shifting under Section 1983. ****Both side's counsel shall show this docket entry to their respective decision−making clients.**** Plaintiff shall make a formal settlement demand by 03/06/2018 on Defendants, explaining in detail the basis for liability, itemizing damages, and making a good−faith demand that takes into account the risks of litigation, the time and expense of litigation. Defendants shall respond by 03/13/2018 to Plaintiff's demand, explaining in detail the basis for Defendants' offer and taking into account the same risks and costs of litigation. ****Defendants shall submit a.pdf copy of the demand and the offers to chambers through the Proposed Order e−mail account.**** Status hearing set for 05/02/2018 at 9:30 a.m. Emailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.